J-A01024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROLINA B. HARRIS | : | |
| | : | |
| Appellant | : | No. 112 EDA 2020 |

Appeal from the Order Dated November 27, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2018-001337

BEFORE:   BENDER, P.J.E., OLSON, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY OLSON, J.:                    **FILED:  APRIL 19, 2021**

Appellant, Carolina B. Harris, appeals from an order entered on November 7, 2019 in the Civil Division of the Court of Common Pleas of Delaware County which granted summary judgment in favor of Wells Fargo Bank, N.A. (Wells Fargo) in this mortgage foreclosure action.  Upon review, the record confirms that Appellant failed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), despite the trial court's order to do so. For this reason, and because Appellant's submission to this Court does not comply with our appellate rules, we conclude that Appellant has waived appellate review and that her appeal is subject to dismissal.  Accordingly, Appellant is not entitled to relief.

---

[*] Retired Senior Judge assigned to the Superior Court.

On October 3, 2003, Appellant executed a note in favor of Wells Fargo Home Mortgage, Inc. and secured it with a mortgage on her Delaware County property. Wells Fargo Home Mortgage, Inc. was subsequently merged into Wells Fargo on May 4, 2004. Appellant entered into a loan modification agreement with Wells Fargo on August 1, 2010.

The trial court summarized the ensuing procedural history of this case as follows.

> After Appellant's loan went into default in August 2017, Wells Fargo filed a complaint in mortgage foreclosure on February 20, 2018. In response, Appellant filed a "counter claim of wrongful mortgage foreclosure action" on April 18, 2018. Thereafter, on May 25, 2018, Appellant filed a "*praecipe* to, answer to a motion to counter claim of wrongful mortgage foreclosure action[;] and a request for *ex parte* hearing to determine [ownership] of the property." Wells Fargo filed preliminary objections to Appellant's counterclaim on June 1, 2018. The trial court sustained Wells Fargo's preliminary objections on July 18, 2018. Wells Fargo then filed a reply to new matter on September 7, 2018. Next, Appellant filed a "response of wrongful mortgage foreclosure" on September 21, 2018, which the trial court struck on January 18, 2019. In the meantime, Appellant filed an answer on October 29, 2018. The trial court treated this filing as an amendment to Appellant's initial responsive pleading. On February 25, 2019, Wells Fargo replied to Appellant's amended answer and new matter.
>
> At the close of discovery, Wells Fargo filed a motion for summary judgment on October 24, 2019. Appellant answered the motion on November 25, 2019. The trial court entered summary judgment in favor of Wells Fargo on December 2, 2019. Judgment in the amount of $137,757.14 was entered on December 3, 2019. On December 4, 2019, Appellant moved for reconsideration of the order granting summary judgment. The trial court denied reconsideration on December 10, 2019. Appellant filed a notice of appeal on December 20, 2019.

On December 26, 2019, Appellant filed a suggestion of bankruptcy with the Office of Judicial Support. Because the court was unaware of this filing, it entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on January 10, 2020. The court stayed its Rule 1925(b) order on January 17, 2020 once it learned of Appellant's bankruptcy filing.

On February 24, 2020, Wells Fargo informed the trial court that Appellant's suggestion of bankruptcy had been discharged. Accordingly, the court, on March 2, 2020, reinstated its order directing Appellant to file a concise statement within 21 days. Therefore, Appellant's concise statement was due on or before Monday, March 23, 2020.

By order dated April 15, 2020, and filed with the Office of Judicial Support on April 20, 2020, this Court directed the trial court to transfer the record in this matter within 30 days as Appellant's bankruptcy stay was vacated. As of April 27, 2020, Appellant had not filed a concise statement of the errors she intended to litigate in the context of this appeal.

Trial Court Opinion, 4/27/20, at 1-4 (cleaned up; footnote omitted).

After careful review of the certified record, the submissions of the parties, and the opinion of the trial court, we conclude that Appellant has waived appellate review of all claims in view of her failure to file a concise statement as ordered by the trial court. *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not raised in accordance with appellate rules are waived). Moreover, Appellant's submission to this Court consists only of a random collection of documents attached to a cover page; it contains no distinct topical headings, no developed legal argumentation, and no citation to pertinent precedent. As such, Appellant's filing is wholly noncompliant with our briefing rules. *See* Pa.R.A.P. 2111 (brief of appellant). Since Appellant's submission fails to

properly raise and develop issues for our consideration, it has substantially impaired our ability to undertake appellate review.  Because Appellant has not preserved any claims for appellate review, and because her brief is fatally deficient, we are constrained to conclude that Appellant's appeal is subject to dismissal.  ***See*** Pa.R.A.P. 2101 (appeal may be dismissed or quashed where briefing defects are substantial).

Appeal dismissed.  Jurisdiction relinquished.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/21